AO 91 (Rev. 08/09)   Criminal Complaint

# UNITED STATES DISTRICT COURT

**FILED**

for the

Eastern District of California

**JUL 0 2 2019**

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| David VANN | ) |
| | ) |
| | ) |
| | ) |
| *Defendant(s)* | ) |

Case No.

**1: 1 9 MJ   0 0 1 3 5 EPG**

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ June 22, 2019 _____ in the county of _____ Fresno _____ in the

_____ Eastern _____ District of _____ California _____ , the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| Title 18 USC Section 922(g)(1) | Felon in possession of a firearm |

This criminal complaint is based on these facts:

See attached affidavit of ATF SA Anthony Gonzales

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Anthony Gonzales, ATF Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: Jul, 2, 2019

_____
*Judge's signature*

City and state: _____ Fresno, California _____

Hon. Erica P. Grosjean, U.S. Magistrate Judge
*Printed name and title*

1
2
3
4
5

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>                     v.<br><br>DAVID VANN<br><br>                              Defendant. | CASE NO.<br><br>AFFIDAVIT OF SPECIAL AGENT ANTHONY T. GONZALES |

## I.      INTRODUCTION

1.      This Affidavit is in support of an arrest warrant for David VANN (hereinafter VANN) for violations of Title 18, United States Code, Section 922(g)(1), felon in possession of a firearm.

2.      The information contained in this Affidavit is based upon my personal observations and training and, where noted, information related to me by other law enforcement officers and/or agents.

3.      As stated further in this Affidavit, law enforcement officers have gathered evidence to support probable cause that VANN unlawfully possessed a Glock, Model 21, .45 caliber, pistol, with serial number G340US.

## II.      AFFIANT'S BACKGROUND

4.      I am a Special Agent (SA) with the Bureau of Alcohol, Tobacco and Firearms (ATF) and have been so employed since October of 2018.  I am currently assigned to the ATF Fresno Field Office, specializing in investigations involving the illegal possession of firearms and other federal offenses involving firearms.  Prior to my employment with ATF, I was a sworn peace officer in the state of California beginning in October of 2008.  During that time I was employed by the Santa Cruz County Sheriff's Office (SCSO) where I was assigned as a patrol deputy throughout the county.  While

COMPLAINT AFFIDAVIT                                                 1

employed at SCSO I was assigned as a detective to the Investigations Bureau-Santa Cruz County Gang Task Force where I conducted and assisted in complex gang investigations involving local, state and federal offenses including drug trafficking, unlawful firearms possession, homicide, robbery and other crimes committed by gang members throughout Santa Cruz County and surrounding areas. I was employed by the Madera County Sheriff's Office (MCSO) where I worked as a patrol deputy in 2012. In 2013, I began employment with the Clovis Police Department (CPD). While employed at CPD, I worked as a patrol officer until being assigned to the Detective Bureau, where I worked with the Fresno County Multi Agency Gang Enforcement Consortium (MAGEC). While assigned as a detective at MAGEC, I conducted gang investigations with other local, state and federal agencies investigating gang crimes in and around Fresno County, including homicide, unlawful firearm possession, assaults, robbery, drug trafficking, firearms trafficking, murder for hire and burglaries.

5.     During the course of my employment with ATF, I have investigated criminal violations related to firearms, violent crime, criminal street gangs, and narcotics. As a police detective and ATF agent I have participated in all aspects of criminal investigations, including, but not limited to, interviews, physical surveillance, and the execution of both search warrants and arrest warrants. I have personally investigated and/or assisted other agents and officers in their investigations involving violations of Title 18, United States Code, Section 922(g)(1), felon in possession of a firearm; Title 21, United States Code, Section 841(a)(1), the manufacture of, distribution of and possession with intent to distribute controlled substances; and Title 21, United States Code, Section 846, conspiracy to commit the foregoing. Specifically, those investigations have focused on the distribution of methamphetamine, heroin, cocaine, and other narcotics. I am familiar with, and have participated in, conventional investigative methods, including, but not limited to, electronic surveillance, visual surveillance, the use of GPS/E-911 data, questioning of witnesses, search warrants, and confidential informants. I have also participated in multiple Title III investigations where I have served in the wireroom, as a member of a street react team and as a surveillance team member.

6.     During the course of my employment as a law enforcement officer, I have investigated and been involved in the prosecution of numerous cases of prohibited persons in possession of firearms,

COMPLAINT AFFIDAVIT                    2

1 including cases involving the possession of firearms by convicted felons.

2
### III.   PROBABLE CAUSE

3
7.     According to reports from the Fresno Police Department (FPD)[1], on June 22, 2019 at

4 approximately 1732 hours, Fresno police officers assigned to the Southeast Special Response Team

5 (SRT) were patrolling in the area of East Butler Avenue and North Maple Avenue in the city of Fresno.

6 Fresno Police Department (FPD) Officers Steve Baiza and Sergio Gonzalez were operating a marked

7 FPD patrol vehicle and noticed a 2005 Volkswagen Jetta (CA-8JAE010) travelling westbound on Butler

8 Ave towards Maple.  Officer Baiza recognized the driver of the vehicle to be David VANN, who he

9 knew to be on active Post-Release Community Supervision.  Officers executed a U-turn and got behind

10 the vehicle.  They noticed that the brake light on the right side of the vehicle was not illuminating

11 properly.  The right brake light was dimmer than the left side and high center brake lights, and was

12 difficult to see when the brakes were applied, in violation of California Vehicle Code section 24252(a).

13 Officer Baiza activated his overhead lights in an attempt to conduct a vehicle stop of VANN, who was

14 the only occupant of the vehicle.

15
8.     VANN continued to drive his vehicle southbound on Maple Avenue.  Officer Baiza sounded

16 his siren four times in order to get VANN's attention, however VANN did not yield and continued to

17 drive his vehicle south on Maple Avenue.  Officer Baiza left the siren on and continued to follow  .

18 VANN, who accelerated his vehicle, failing to stop for a sign at Maple Avenue and Woodward Avenue.

19 A Fresno County Sheriff's Office helicopter (Eagle-1) began to follow VANN and Officer Baiza turned

20 his lights and siren off as VANN continued to drive away.  VANN continued at approximately 60 miles

21 per hour while driving southbound on Maple Avenue in the northbound lanes of traffic and continuing to

22 ignore traffic signals and signs.  VANN continued into a neighborhood and parked his vehicle near the

23 intersection of Kaviland Avenue and Price Avenue before getting out of the vehicle and walking away.

24
9.     Officer Baiza and Officer Gonzalez observed VANN walking on Kaviland Avenue while

25 carrying a black object in his right hand.  According to Officer Baiza's report, when he approached

26

27 ───────────────
1.   All facts contained herein were taken from Fresno Police Department reports unless otherwise
28      noted.

COMPLAINT AFFIDAVIT                                             3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

VANN, VANN threw the object into the bushes in front of 4628 E. Kaviland Avenue and continued to walk away eastbound away from the item. Officer Baiza and Officer Gonzalez apprehended VANN one residence away, in front of 4632 E. Kaviland Avenue. Officer Gonzalez went to the bushes in front of 4628 E. Kaviland Avenue where VANN was seen discarding the black item and located a black Make: Glock, Model: 21, .45 caliber, pistol, with serial number G340US in the bush loaded with an extended magazine containing 23 live rounds of mixed-brand ammunition. A record check was conducted through the Automated Firearm System (AFS) and there was no registration information for the firearm.

10. Officer Baiza provided VANN with his Miranda rights and conducted a field interview with VANN. During the interview, Officer Baiza asked VANN if he knew what was going on and VANN stated, "yea I know what's going on; you guys got me with a gun with an extended clip." VANN told Officer Baiza that he had "found" the firearm. VANN stated that he had found the firearm in a bush "like today when yah were chasing me, I had it for like ten minutes." When asked why he did not stop for officers trying to pull him over, VANN confirmed it was because he had the firearm and said he was, "trying to get away."

11. After VANN's arrest, Officer Gonzalez contacted the residents of 4628 E. Kaviland Avenue and inquired as to whether anyone at the home owned a firearm. The resident stated that nobody owned any firearms at the house and additionally they had no involvement with the firearm found in their yard.

12. I have reviewed the Fresno County Superior Court records and the defendant's criminal history report, both of which indicate that the defendant has the following prior felony convictions punishable by more than a year imprisonment:

- A September 27, 2013, Fresno County Superior Court felony conviction for violating California Penal Code, Section 25400(a)(2), concealed firearm on a person (case number F12900454);

- A June 21, 2015, Fresno County Superior Court felony conviction for violating California Vehicle Code, Section 273.5(a), corporal injury to spouse or cohabitant (case number F15902235);

COMPLAINT AFFIDAVIT                                                    4

- A June 9, 2016, Fresno County Superior Court felony conviction for violating California Vehicle Code, Section 2800.2(a), evading a peace officer and California Penal Code, and Section 29800(a)(1), possession of a firearm by felon (F16903348);

- A November 19, 2018, Fresno County Superior Court felony conviction for violating California Penal Code, Section 273.5(f)(1), corporal injury to spouse or cohabitant with prior (case number F18906239).

13.     According to the court records that I reviewed, the defendant was advised in connection with each of the above convictions that the maximum penalty exceeded a year imprisonment.

14.     On July 1, 2019, ATF Special Agent Brad Dickey, who has specialized training in the manufacture, origin and identification of firearms, verbally indicated the Glock, Model 21, .45 caliber pistol, with serial number G340US was not manufactured in the state of California, and therefore, traveled in and affected interstate commerce.

## IV.     CONCLUSION

14.     The above facts set forth probable cause to believe that David VANN violated Title 18, United States Code, Section 922(g)(1), felon in possession of a firearm. I request that an arrest warrant be issued for VANN for this violation.

Anthony T. Gonzales
Special Agent, Bureau of Alcohol, Tobacco, Firearms
and Explosives, U.S. Department of Justice

Sworn to and subscribed before me this ___2___ day of July, 2019

Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE

Reviewed as to form by:

/s/ Katherine E. Schuh
KATHERINE E. SCHUH
Assistant U.S. Attorney

COMPLAINT AFFIDAVIT                                         5